UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY E. TOD, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| vs. | ) | Case No. 4:08-CV-1002 (CEJ) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM**

This matter is before the Court upon the motion and amended motion of Jeffrey E. Tod to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The United States has filed a response, and the issues are fully briefed.

### I. Background

An indictment charged Tod with conspiracy to possess with intent to distribute in excess of five grams of actual methamphetamine (Count I) and felon in possession of a firearm (Count II). On February 2, 2007, Tod pled guilty to Count I. In exchange for his guilty plea, the government agreed to dismiss Count II. At sentencing, the Court determined that guideline imprisonment range was 63-78 months. On July 9, 2007, Tod was sentenced to a term of imprisonment of 63 months to be followed by a 4-year term of supervised release. He did not appeal the judgment.

### II. Discussion

In his motion to vacate, Tod asserts (1) that his sentence is unlawful because it resulted from an enhancement based on his possession of firearms and because it includes abstinence from alcohol as a condition of supervised release; (2) that he was denied effective assistance of counsel because his attorney did not object to the

enhancement or the supervised release condition; and (3) that he is being unlawfully denied early release due to a Bureau of Prisons regulation that pertains to inmates whose convictions involve firearms.

### A. Firearms Enhancement and Supervised Release Condition

Tod entered into a plea agreement with the government that contained a stipulation of facts. Among other things, Tod stipulated that the police found more than five grams of methamphetamine, drug paraphernalia, an authentic police badge, and four firearms (three loaded handguns and one unloaded shotgun) in his home. In the plea agreement, Tod and the government agreed to the application of U.S.S.G. § 2D1.1(b)(1), which provides for a 2-level increase in the base offense level if a dangerous weapon (including a firearm) is possessed. At the change of plea hearing, Tod stated under oath that he had reviewed the plea agreement with his attorney and that he agreed with the stipulation of facts. Given these circumstances, there is no merit to Tod's claim that the firearms enhancement was improper.

Section 3583 of Title 18 U.S.C. provides that a court may impose a special condition of supervised release that is reasonably related to the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D); that involves no greater deprivation of liberty than is reasonably necessary for purposes of § 3553 (a)(2)(B)-(D); and that is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. § 994(a). In the instant case, the undisputed evidence is that Tod had three prior convictions for driving while intoxicated and he consumed alcohol in violation of a condition of his pretrial release. Given his history, the imposition of an alcohol abstinence condition was appropriate.

### B. Ineffective Assistance of Counsel

To prevail on a claim of ineffective assistance of counsel, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). There exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. Id. at 689. In order to show prejudice in the context of a guilty plea, the movant must demonstrate that if it were not for counsel's errors, he would have not pled guilty, but instead would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). The failure to show prejudice is dispositive; a court need not address the reasonableness of the attorney's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

As discussed above, the firearms enhancement was based on facts stipulated by Tod and on the recommendation he made to the Court. Any objection by counsel would have constituted a breach of the plea agreement which would have allowed the government to continue its prosecution of Tod for the felon in possession charge in Count II. Additionally, Tod's history of alcohol and drug abuse established a sufficient basis for the alcohol abstinence condition. Tod's counsel cannot be deemed ineffective for failing to make futile objections to the enhancement or the condition. Moreover, Tod has not demonstrated that, but for the alleged errors of his attorney, he would not have pled guilty but would have insisted on a trial.

### C. Bureau of Prisons Regulation

Finally, Tod claims that he is being confined unlawfully because of a BOP regulation, 28 C.F.R. § 550.58 (a)(1)(vi)(B)(2000), that denies early release to inmates whose felony convictions were attended by " the carrying, possession, or use of a firearm." The regulation has been held to be a valid exercise of the BOP's

discretion under 18 U.S.C. § 3621(e)(2)(B)[1]. Lopez v. Davis, 531 U.S. 230, 242 (2001). Because Tod possessed a dangerous weapon in connection with the drug offense to which he pled guilty, the application of the regulation to deny him early release is permissible.

### III. Conclusion

For the foregoing reasons, the Court concludes that Tod has not shown that he is entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts in the original and amended motions. Additionally, the Court finds that Tod has not made a substantial showing of the denial of a constitutional right. Therefore, the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 14th day of February, 2011.

---

[1] The statute provides: "The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."